PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CASIMIRO FIGUEROA, Defendant and Appellant.

No. 5287. Argued December 19, 1930.—Decided July 9, 1931.

*Agustín E. Font* for appellant. *James R. Beverley, Attorney General*, and *Felipe Janer, Assistant Attorney General*, for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a condemnation proceeding instituted by the People of Puerto Rico against Casimiro Figueroa. The parcel of land sought to be expropriated is situated in Villalba, near the urban zone, and has an area of 7.20 acres (*cuerdas*). The public work for which the parcel is sought to be taken is the extension of the Insular Agricultural Farm established in Villalba. The price offered by the People to the owner of the land was $1080.

No question has been raised as to the necessity of the taking. A declaration of public utility was made by the Executive Council in accordance with the law. Upon examining the answer of the defendant it is found that the only question presented to the court was as to the amount of the compensation. The court fixed it at the $1080 offered, and rendered judgment accordingly. Feeling aggrieved, the defendant appealed, assigning in his brief several errors.

We have examined the errors assigned. We believe that the court admitted perhaps erroneously several documents presented by the plaintiff; but the error, if any, was not prejudicial, regard being had for the conclusion reached by us and which we will state presently.

As we have said, what is involved here is the amount of the compensation. The expropriation lies.

We agree with the appellant that the evidence showed the following:

"It was established beyond all doubt that the parcel of land sought to be condemned is adjacent to the urban zone of the town of Villalba, and is bounded on the north by a larger estate belonging to the defendant. It was also shown satisfactorily, by means of clear and direct evidence, that said parcel is contiguous to the highway, to the most important school building of Villalba, to the Insular hydroelectric plant, and to the Agricultural Farm. It was further proved that when none of these things existed in that neighborhood, a parcel of land of about two acres—which is precisely the lot where the school building above mentioned is located—was sold at the rate of $500 an acre. It was also shown that other parcels of land adjacent thereto were sold a long time ago at a price of nearly $500 an acre."

It was also established by the evidence that the parcel involved was encumbered for $4,230.50.

As regards the damages, the evidence is not clear. But there is no doubt that, the defendant having proved that he is the owner of a larger lot, adjacent to the expropriated parcel, he would necessarily suffer to some extent when his larger lot is deprived of its connection, through his own land, with the town. The difficulty arises in assessing such damages.

In the briefs numerous citations are made in regard to the rules for determining the value of the land in these cases. What the law, founded upon justice, requires is that a citizen be not deprived of his property without due process of law and without receiving the proper compensation. Section 355 of the Civil Code says:

"No person shall be deprived of his ownership, except it be by a competent authority and for a justified purpose of public utility, and after having been properly indemnified.

"If this requirement has not first been complied with, the district courts shall protect and, in proper cases, replace the owner in possession of the expropriated property.

"The indemnification shall comprise, not only the value of the thing whereof the owner is deprived, but also a compensation for any damages and injuries which may be caused him by the deprivation of the property."

In our opinion, the error of the District Court of San Juan in fixing the compensation in this case is evident. It is revealed at first view. We do not believe that the 7.20 acres were worth $25,000 at the time of the condemnation, as the defendant claims in estimating the price by meters and basing himself on the fact that he held this land with a view to devoting it to urbanization purposes. That the land could be used for this purpose is true, and its sale, in lots, might in the course of years yield even more than $25,000. But that can not be a just basis for estimating its present value. Considering all the circumstances, we believe that $3,600 would be the proper compensation.

The judgment appealed from must be modified in that sense and, as so modified, affirmed.